UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARION S. BRANDENBERGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:10-CV-112 PS |
| vs. | ) |
| | ) |
| MICHAEL BOOKS, *et al.,* | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Marion S. Brandenberger, a *pro se* prisoner, submitted an amended complaint under 42 U.S.C. § 1983. (DE 5.) Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Courts apply the same standard under Section 1915A as when deciding a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts to state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 602. In deciding whether the complaint states a claim, I must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Brandenberger alleges that Elkhart County Sheriff Michael Books and Indiana Department of Correction ("IDOC") employee Lina Presely failed to protect him from an attack by another inmate at the Elkhart County jail. He further alleges that a jail physician, Dr. John Foster, failed to provide him with adequate medical treatment after the attack.

Specifically, Brandenberger alleges that on January 28, 2010, while he was being housed at the Elkhart County Jail as a pretrial detainee, he was attacked by another inmate named James Cuthbert. Cuthbert allegedly became angry because Brandenberger was assigned the bottom bunk, which Cuthbert wanted. Brandenberger alleges that Cuthbert punched him in the face several times, causing him to suffer a fractured cheek bone, numerous cuts, two black eyes, and a broken nose. He alleges that as a pretrial detainee, he should not have been housed with Cuthbert, who had already been convicted of an offense and had a violent criminal history. Brandenberger further alleges that he received inadequate medical care after the attack. He alleges that a jail physician, Dr. Foster, refused to reset his broken nose, telling him to "take care of it after I got out of jail." (DE 5 at 4.) He alleges that his nose continues to cause him "pain and agony." (*Id.*)

Because Brandenberger was a pretrial detainee at the time of these events, his rights are derived from the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment, but the governing standards are, for all practical purposes, the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). Correctional officials have a constitutional duty to protect inmates "from violence at the hand of other inmates." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). However, as the Seventh Circuit has observed: "[P]risons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id*. Therefore, a failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, a prison official will be held liable for failing to protect an inmate only if deliberate indifference to a prisoner's welfare "effectively condones the attack by allowing it to happen." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). To state a claim, the plaintiff must "allege facts sufficient to show that the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Id*. Negligent or even grossly negligent behavior by the defendant does not suffice. *Grieveson*, 538 F.3d at 777.

Here, Brandenberger asserts that Sheriff Books is responsible for the attack "[b]ecause of his negligence in making sure inmates are properly classified and housed accordingly." (DE 5 at 4.) As stated above, Brandenberger cannot establish a claim by showing that Sheriff Books was negligent. Moreover, a "high-level official" like Sheriff Books cannot be held liable for failure to protect based solely on an allegation that he did not implement an adequate classification system. *Weiss v. Cooley*, 230 F.3d 1027, 1033 (7th Cir. 2000) (affirming dismissal of claims against

3

sheriff and jail commander who allegedly failed to implement a proper classification system, which resulted in plaintiff's exposure to a violent inmate who attacked him). Instead, in order to show deliberate indifference, the plaintiff must allege that the high-level official failed to implement any classification system and did so "with the motive of allowing or helping prisoners to injure one another." *Id.* Brandenberger's allegations do not meet this high standard.

Brandenberger also does not allege any particularized risk posed by Cuthbert, other than that he—like many inmates—had a history of violent crime. *Compare Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788-89 (7th Cir. 1995) (plaintiff stated claim for failure to protect where he alleged that he was assigned to a cell with an inmate who was HIV-positive and had a known propensity for raping other inmates). Brandenberger does not allege, nor can it plausibly be inferred, that he warned Sheriff Books or any other prison staff member that he was concerned Cuthbert was going to attack him. Instead, Brandenberger's allegations suggest that Cuthbert randomly attacked him without warning when he became angry about Brandenberger's bed assignment. In a similar case, a detainee suffered multiple attacks at the hands of other inmates, in one instance for "taking too long to use the toilet," in another instance for snoring during the night, and in yet another instance because an inmate was angry about losing a card game. *See Grieveson,* 538 F.3d at 776-77. In concluding that jail staff could not be held liable for these attacks, the Seventh Circuit observed that such random violence demonstrated "the tragic realities of jail and prison life that detainees are often subject to, absent fault on the part of individual jail [staff]." *Id*. While the attack Brandenberger suffered is unfortunate, he has not stated a claim against Sheriff Books.

With respect to the claim against Presley, Brandenberger does not explain what her position is at IDOC or what role she played in his attack. It appears Brandenberger believes the IDOC is at fault for continuing to house inmates in the jail after they have been convicted, but he does not explain how Presely had any personal connection to the events underlying his lawsuit.[1] (*See* DE 5 at 4.) "A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003). Brandenberger has not done that here. Assuming that Presely was in some way involved with classifying inmates or making housing assignments, a claim against her would fail in any event for the reasons explained above. Accordingly, Presely will be dismissed as a defendant.

That leaves Brandenberger's claim against Dr. Foster. Inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the defendant acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Neither medical malpractice nor mere disagreement with a doctor's medical judgment is enough to prove deliberate indifference in violation of the Eighth Amendment." *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on

---

[1] I note that this is Brandenberger's second attempt to state a claim. His first complaint was stricken, and I specifically advised him of his obligation to explain how each of the defendants personally violated his rights. (*See* DE 1, 4.)

such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A delay in providing medical treatment can constitute deliberate indifference where it causes "prolonged" and "unnecessary" pain. *Grieveson,* 538 F.3d at 779.

Here, Brandenberger alleges that Dr. Foster knew he had a broken nose but refused to reset it despite the "pain and agony" it was causing him, telling him to take care of it after he left the jail. (DE 5 at 4.) It appears that Brandenberger lived with this condition for a prolonged period, since the attack he describes occurred in January 2010, and as of the filing of the amended complaint in May 2010, he was still complaining about the lack of treatment for his nose. (*See* DE 5 at 1, 3.) Although further factual development may show that Dr. Foster provided some care for Brandenberger's broken nose which was proper under the circumstances, giving Brandenberger the inferences to which he is entitled at this stage, he has stated a claim against Dr. Foster. *See Grieveson*, 538 F.3d at 779-80 (reversing summary judgment for defendants where plaintiff did not receive treatment for painful broken nose for two days); *see also Berry*, 604 F.3d at 441-42 (reversing summary judgment for jail doctor who refused to provide treatment for detainee's dental problem because "[a] jury could find that she simply concluded that Berry could endure his pain until his transfer back to the DOC several weeks later, when Berry would be the DOC dentist's problem, not hers.").

For these reasons, the court:

(1) **GRANTS** Marion S. Brandenberger leave to proceed against Dr. John Foster in his individual capacity for compensatory and punitive damages for failing to provide him with adequate medical treatment for a broken nose he suffered in an attack by another inmate on January 28, 2010, in violation of the Fourteenth Amendment;

6

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Michael Books and Lina Presley;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Dr. John Foster; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Foster to respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: August 16, 2010.

s/ Philip P. Simon<br>
PHILIP P. SIMON, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT